## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| WILLIS SWEARINGEN,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>296 SOUTHLAKE, LTD, 296 SOUTHLAKE GP, LLC, JAMES CHARNQUIST and ALTON SCAVO,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § Civil Action No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Willis Swearingen brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for 296 Southlake, LTD, 296 Southlake GP, LLC, James Charnquist ("Charnquist") or Alton Scavo ("Scavo") (collectively "Defendants") at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants at any time from September 6, 2015 through the final disposition of this

matter, and were paid a day rate, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors.

4. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, however, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff and the Putative Class Members were laborers responsible for making apartments ready for move-in and performing general maintenance on completed apartment units.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

# II.
# THE PARTIES

10.     Plaintiff Willis Swearingen ("Swearingen") was employed by Defendants within the relevant time period. Plaintiff Swearingen did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11.     The Putative Class Members are those current and former laborers who were employed by Defendants at any time from September 6, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Swearingen worked and was paid.

12.     Defendant 296 Southlake, LTD is a domestic limited partnership, licensed to and doing business in Texas, and may be served through its registered agent for services of process: **Bill Havre, 700 Lavaca Street, Austin, Texas 78701.**

13.     Defendant 296 Southlake GP, LLC, is a foreign for-profit company, licensed to and doing business in Texas, and the general partner of Defendant 296 Southlake, LTD. It may be served through its registered agent for services of process: **Bill Havre, 700 Lavaca Street, Austin, Texas 78701.**

14.     Defendant James Charnquist ("Charnquist") is a governing person of Defendant 296 Southlake GP, LLC, and is an employer as defined by 29 U.S.C. §203(d). Along with the other Defendants, Defendant Charnquist employed or jointly employed Plaintiff and the Putative Class Members. James Charnquist may be served with process at: **6303 Beverly Hill, Houston, Texas 77057, or wherever he may be found.**

15.     Defendant Alton Scavo ("Scavo") is a governing person of Defendant 296 Southlake GP, LLC, and is an employer as defined by 29 U.S.C. §203(d). Along with the other Defendants,

---

[1] The written consent of Willis Swearingen is attached hereto as Exhibit "A."

Defendant Scavo employed or jointly employed Plaintiff and the Putative Class Members. Alton Scavo may be served with process at: **6303 Beverly Hill, Houston, Texas 77057, or wherever he may be found.**

16. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

17. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

18. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District and Division.

19. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, Plaintiff and the Putative Class Members worked in Corpus Christi, Texas throughout their employment with Defendants, all of which are located within this District and Division.

21. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

22. Upon information and belief, Defendants were (and are) responsible for constructing and maintaining the South Lake Ranch Apartments, located at 3310 Rodd Field Road, Corpus Christi, Texas.

23. To provide their services, Defendants employed (and continue to employ) numerous laborers—including Plaintiff Swearingen and the individuals that make up the putative or potential class.

24. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

25. Plaintiff and the Putative Class Members' primary job duties consisted of performing general labor related to construction, including performing plumbing and electrical work, and installing drywall. Plaintiff and the Putative Class Members also performed maintenance on units already constructed.

26. Plaintiff Swearingen was employed by Defendants as a laborer from approximately January 2017 until March 2018.

27. Plaintiff and the Putative Class Members were (and are) non-exempt employees paid a day rate.

28. Specifically, Plaintiff Swearingen received $190.00 per day, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

### Defendants are Joint Employers under the FLSA

29. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

30. Defendants directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

31. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

32. Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

33. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

34. Specifically, Defendants Charnquist and Scavo regularly came to Defendants' office at the South Lake Ranch Apartments.

35. Plaintiff Swearingen received daily direction from Defendants Charnquist and Scavo about construction tasks he was to perform for Defendants, and when those tasks were due.

36. Defendants Charnquist and Scavo also told Plaintiff Swearingen how to perform any tasks they assigned him.

37. In addition, Plaintiff Swearingen's checks were handwritten and tendered to him by Defendant Charnquist.

38. Defendants shared the services of Plaintiff and Putative Class Members.

39. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

40. Specifically, Defendants dictated the routine and goals that needed to be done in order to meet the goals of the respective Defendants or their customers.

41. Moreover, all Defendants had the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

42. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### *Plaintiff and the Putative Class Members are Employees; Not Independent Contractors*

43. Plaintiff and the Putative Class Members' primary job duties included performing daily construction and maintenance tasks at the South Lake Ranch Apartments, all of which were (and continue to be) assigned by Defendants.

44. Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendants.

45. Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans and procedures set by Defendants.

46. Virtually every job function was pre-determined by Defendants, including how to perform the tasks set by Defendants, the schedule of work, and related work duties.

47. In fact, Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

48. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

49. Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor.

50. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

51. Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees.

52. Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

53. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Defendants.

54. Defendants determined the hours Plaintiff and the Putative Class Members worked.

55. Defendants set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

56. Defendants set all employment-related policies applicable to Plaintiff and the Putative Class Members.

57. Defendants maintained control over pricing and marketing. Defendants also chose equipment and product suppliers.

58. Defendants owned or controlled the equipment and supplies Plaintiff and the Putative Class Members used to perform their work.

59. Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

60. Defendants made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members a day rate with no overtime pay.

61. Defendants reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided the materials Plaintiff and the Potential Class Members used.

62. Plaintiff and the Putative Class Members did not employ their own workers.

63. Plaintiff and the Putative Class Members worked continuously for Defendants a permanent full-time basis. In fact, Plaintiff Swearingen slept in an apartment unit at the South Lake Ranch Apartments, provided by Defendants.

64. Defendants, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, and supplies. Moreover, Defendants paid operating expenses like rent, payroll, marketing, insurance, and bills.

65. Plaintiff and the Putative Class Members relied on Defendants for their work. Plaintiff and the Putative Class Members did not market any business or services of their own.

66. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants' customers.

67. Defendants paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own.

68. Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Defendants for their work.

69. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

70. Rather, Plaintiff and the Putative Class Members were blue-collar laborers.

71. Plaintiff Swearingen worked an average of 84 hours per week, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each week.

72. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week.

73. Defendants denied Plaintiff and the Putative Class Members overtime compensation as a result of a widely applicable and illegal pay practice wherein they (mis)classified Plaintiff and the Putative Class Members as independent contractors.

74. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

75. Accordingly, Defendants' pay policies and practices violated (and continue to violate) the FLSA.

76. Defendants knew or should have known that they misclassified Plaintiff and the Putative Class Members as independent contractors, and that Plaintiff and the Putative Class Members were entitled to overtime compensation pursuant to the FLSA.

77. Defendants' actions therefore constitute willful violations under the FLSA and were not made in good faith.

# V.
# CAUSE OF ACTION

### A. FLSA COVERAGE

78. All previous paragraphs are incorporated as though fully set forth herein.

79. The FLSA Collective is defined as:

**ALL DAY RATE WORKERS WHO WORKED FOR 296 SOUTHLAKE, LTD, 296 SOUTHLAKE GP, LLC, JAMES CHARNQUIST, OR ALTON SCAVO, AT ANY TIME FROM SEPTEMBER 6, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY EACH WEEK. ("FLSA Collective" or "FLSA Collective Members")**

80. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

81. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise

has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

82. Specifically, Defendants operate on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

83. During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

84. In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

85. Specifically, Plaintiff was a non-exempt **employee** who worked for Defendants during the relevant time period and was engaged in labor that was directly essential to the production of goods for Defendants. 29 U.S.C. § 203(j).

86. At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

87. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 79.

88. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

89. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

90. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

91. Defendants knew or should have known its pay practices were in violation of the FLSA.

92. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

93. Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay them according to the law.

94. The decision and practice by Defendants to not pay Plaintiff and the Putative Class Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

95. Accordingly, Plaintiff and the Putative Class Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

96. All previous paragraphs are incorporated as though fully set forth herein.

97. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Defendants' day rate workers who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

98. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

99. The FLSA Collective Members are defined in Paragraph 79.

100. Defendants' failure to pay Plaintiff and the Putative Class Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the Putative Class Members.

101. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

102. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

103. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

104. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

105. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations.

106. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

107. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 79 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

108. Plaintiff respectfully prays for judgment against Defendants as follows:

    a.    For an Order certifying the FLSA Collective as defined in Paragraph 79 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b.    For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d.    For an Order awarding the costs of this action;

    e.    For an Order awarding attorneys' fees;

    f.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.    For an Order awarding Plaintiff Swearingen a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of Defendants; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 6, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys for Plaintiff and the Putative Class Members**